IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLIFFORD WILLIAMS, :
    Petitioner, :
    v. : Case No. 3:06-cr-23-KRG-KAP
UNITED STATES OF AMERICA, : Case No. 3:11-cv-238-KRG-KAP
    Respondent :

## Report and Recommendation

### Recommendation

Petitioner Williams is at F.C.I. Victorville in Adelanto California, serving a 360 month sentence of imprisonment imposed on December 18, 2008 by this court. Williams has filed a motion to vacate pursuant to 28 U.S.C.§ 2255, alleging that his confinement violates the Sixth Amendment because of the ineffective assistance of his trial counsel, Douglas Sughrue, Esquire, who allegedly advised him that if he pleaded guilty he would receive a sentence of 15 years, that is, one half of the sentence he received. I assume that the motion is timely and not precluded by a waiver. I recommend that the motion be summarily denied.

### Report

The fundamental law relevant to this motion was stated by the Supreme Court in Blackledge v. Allison, 431 U.S. 63, 74 (1977): "solemn declarations in open court carry a strong presumption of verity [and] [t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." The transcript of the change of plea hearing on August 22, 2008 is at docket no. 428; the

transcript of the sentencing hearing on December 18, 2008 is at docket no. 449. At the change of plea hearing Williams repeatedly, and under oath, told the court that he was entering a plea without any promises other than those contained in the plea agreement and that he was satisfied with the performance of counsel. At the sentencing hearing, although Williams vigorously disputed the prosecution's version of events that affected sentencing factors, Williams never mentioned (either as a witness, as part of an allocution, or even informally as he did when he protested that he wished to take an appeal) anything about a specific guarantee of 15 years. It does not appear that when Williams pursued an appeal, see United States v. Williams, No. 09-1020 (3d Cir. June 6, 2011) with James Brink, Esquire, as new appointed counsel, he raised the alleged promise by Attorney Sughrue. A copy of the appellate submission by Attorney Brink stating the claims Williams intended to raise on appeal if it were not held to be the subject of a valid waiver is attached to this Report and Recommendation. In the motion to vacate Williams does not even allege in his own words that his trial counsel guaranteed him any specific sentence. Instead, he offers affidavits from two affiants who state that on an undetermined date they heard counsel tell Williams he "would" receive a 15 year sentence. Williams himself states that "had [he] been informed that his plea agreement could result in a sentence of more than what counsel told him was expected, [he] would not

2

have entered into a plea agreement." Of course Williams was informed in open court, and acknowledged that he was informed, that he could receive a sentence of up to life imprisonment. docket no. 428.

Specific allegations that give rise to a plausible claim that defense counsel failed to represent his client properly deserve a hearing. Vague and repeatedly contradicted accusations do not. The Supreme Court has recently restated the principle that habeas corpus under 28 U.S.C.§ 2254 is a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal, Harrington v. Richter, 562 U.S. ___, slip op. at 13 (2011). Although the federalism concerns behind Harrington do not apply here, motions to vacate are like habeas corpus petitions in their extraordinary character. Because a motion to vacate is not just a "second bite at the appeal," a petitioner ought to advance specific and credible allegations detailing the natures and circumstances of a charge of a deliberate manipulation of the integrity of criminal proceedings by counsel in order to deserve a hearing. See Zilich v. Reid, 36 F.3d 317, 320-21 (3d Cir.1994)(hearing required on specific allegations that petitioner entered a plea because was told by counsel that the judge would sentence him to probation in exchange for a $4000 bribe.) Williams does not. His motion to vacate should be summarily denied.